**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| AERITAS, LLC, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____<br>) |
| vs. | ) (JURY DEMANDED)<br>) |
| GAMESTOP CORP. | )<br>) |
| Defendant. | )<br>) |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Aeritas, LLC ("Aeritas"), alleges as follows:

**PARTIES**

1. Aeritas is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

2. Upon information and belief, GameStop Corp. ("GameStop") is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 625 Westport Parkway, Grapevine, Texas 76051. Gamestop may be served with process by serving its registered agent for service of process in the State of Texas, namely, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201-4234.

## JURISDICTION AND VENUE

3. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281 and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. § 1331 and § 1338(a).

4. Upon information and belief, personal jurisdiction by this Court over Defendant is proper based upon its having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

5. Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendant has purposely and repeatedly availed itself of the privilege of doing business within the district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

## THE PATENTS-IN-SUIT

6. On April 27, 2010, United States Patent No. 7,706,819 (the "'819 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '819 patent is attached hereto as Exhibit A. Aeritas is the owner of all right, title and interest in and to the '819 patent.

7. On November 8, 2011, United States Patent No. 8,055,285 (the "'285 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '285 is attached hereto as Exhibit B. Aeritas is the owner of all right, title and interest in and to the '285 patent.

## BACKGROUND

8.     Aeritas developed its mobile device location-based information service based on research and development activities that began in early 2000.  In recognition of its pioneering efforts in this field, the United States Patent & Trademark Office issued the inventors several U.S. patents directed to the Company's innovative technology platform, service and notification method.  These include the patents-in-suit.

## DEFENDANT'S ACTS

9.     On information and belief, GameStop is the world's largest multichannel video game retailer selling new and used video game hardware, software, and accessories, as well as PC entertainment software.

10.    GameStop Mobile is a consumer-facing mobile device application that enables users to track and earn loyalty reward points through GameStop's PowerUp Rewards program. With this mobile application, users can identify store locations, stay current with new games, and put games on hold for in-store pick-up or purchase them via a mobile browser.

11.    In use, GameStop Mobile practices one or more claimed inventions in each patent-in-suit. For example, the mobile application enables users to identify and store interest data (e.g., new games), identify nearby store locations based on the current location of the user's mobile device, and receive additional information (via the PickUp@Store functionality) that allows the user to locate a game at a store near them and reserve it to be picked up at the user's convenience. On information and belief, the GameStop mobile application with the PickUp@Store functionality produces a significantly higher sales conversion rate as compared to other sales channels and provides an engaging user experience that helps close the sale with the customer.

12. The relevant GameStop mobile application functionality interacts with at least one GameStop server that is located at IP address 216.39.86.44, and through the following Internet domain: https://api.gamestop.com. Certain requests, such as those associated with a Store Availability search, identify a current location of the mobile device from which the requests originate.

13. On information and belief, when end users interact with the above-identified mobile application, requests directed to the Internet domain https://api.gamestop.com are received at GameStop's Internet-accessible server located at 216.39.86.44, and this server performs processing and provides responses to the end user requests. During these end user interactions (including, without limitation, the Store Availability function, and the PickUp@Store function) with the identified GameStop Internet-accessible server, Defendant directly infringes at least claims 17-20 of the '819 patent, and at least claims 1, 3-9 and 13-14 of the '285 patent, each in violation of 35 U.S.C. § 271(a).

14. In the alternative, Defendant is inducing infringement of the '819 and '285 patents because it has known of the patents since at least August 21, 2012, because, with respect to any step (of claims 17-20 of the '819 patent, or of claims 1, 3-9 and 13-14 of the '285 patent) not performed by Defendant itself, Defendant has induced an end user to perform such step, and such end user in fact has performed such step.

15. Defendant's inducement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its actions would induce infringement of the '819 and '285 patents, as demonstrated by, among other things, providing specifications and instructions to end users for the installation and operation of its mobile application, including uses that infringe one or more claims of the '819 and '285 patents, and/or causing, urging,

encouraging and/or aiding end users through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in '819 and '285 patents.

16. Defendant acquired knowledge of the patent-in-suit through direct notice that was communicated to Defendant on August 21, 2012. On information and belief, Defendant's infringement of the patents-in-suit is now being carried out willfully.

17. As a result of Defendant's infringement of the '819 and '825 patents, Aeritas has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

18. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## JURY DEMAND

19. Aeritas hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Aeritas requests that the Court enter a judgment in its favor and against Defendant as follows:

    A. permanently enjoining Defendant, its agents, servants, and employees, and all those in privity with it or in active concert and participation with it, from engaging in acts of infringement of the patents-in-suit;

    B. awarding Aeritas past and future damages together with prejudgment interest and post-judgment interest to compensate for the infringement of the patents-in-suit in accordance with 35 U.S.C. § 384;

    C. declare this case exceptional, pursuant to 35 U.S.C. § 285; and

    D.    awarding Aeritas its costs (including expert fees), disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court; and

    E.    granting such further relief as this Court deems to be just and proper.

Dated: July 24, 2014

Respectfully submitted,

/S/ David H. Judson

David H. Judson  
Texas Bar No. 11047150

LAW OFFICE OF DAVID H. JUDSON  
15950 Dallas Parkway  
Suite 225  
Dallas, Texas 75248  
Tel.: (214) 939-7659